UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-143 |
| V. ) | |
| ) | (VARLAN/GUYTON) |
| DONALD RAY REYNOLDS, JR., and ) | |
| NATHANIEL SMITH, JR., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court[1] on December 5, 2008, for a scheduled pretrial conference and an arraignment on the Superseding Indictment [Doc. 19]. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorneys Donald A. Bosch and Ann C. Short-Bowers appeared on behalf of Defendant Reynolds. Attorney Paula R. Voss represented Defendant Smith. Both defendants were also present.

Following the arraignment, the Court took up Defendant Reynolds' Motion for Continuance [Doc. 16] and Defendant Smith's Motion for Additional Time to File Motions [Doc. 17]. In his motion, Defendant Reynolds describes problems with the discovery process, which have made it impossible for him to comply with the November 18 motion-filing deadline or to prepare for the

---

[1] United States Magistrate Judge C. Clifford Shirley presided over the December 5, 2008 motion hearing.

1

December 16 trial. Accordingly, he filed the motion to continue the trial to prevent a miscarriage of justice. The government responded [Doc. 18] that provision of the voluminous discovery in this case has been ongoing, and it acknowledged that it did not meet the October 28, 2008 discovery deadline. The government does not object to the motion to continue the trial. Defendant Smith moves [Doc. 17] the Court for a thirty-day extension of the motion-filing deadline, stating that counsel has not completed her investigation of the circumstances of the case due to the voluminous nature of the discovery.

At the December 5 hearing, Attorney Voss stated that Defendant Smith had no objection to continuing the trial date. Attorney Bosch contended that the continuing problems with discovery have forced Defendant Reynolds to choose between his right to a speedy trial and his right to the effective assistance of counsel. He informed the Court that he had filed a Motion for an Additional Pretrial Conference to Formulate Plans to Regulate Discovery and/or to Impose Sanctions for Discovery and Speedy Trial Violations [Doc. 20] the previous evening. The Court noted that the Superseding Indictment, which added seven new counts (two as to Defendant Smith and five as to Defendant Reynolds) and significantly enlarged the time period of the conspiracy, also provided a basis for continuing the trial date.

The Court finds Defendant Reynolds' motion for a continuance to be well taken. It finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Superseding Indictment enlarges the time of the alleged conspiracy in Count One from one and one-half years to eight and one-half years and increases the amount of marijuana allegedly involved from fifty kilograms to one thousand kilograms. The new indictment adds two charges with regard to Defendant Smith and five charges

2

Case 3:08-cr-00143-TAV-MCLC   Document 23   Filed 12/11/08   Page 2 of 4   PageID #: 175

with regard to Defendant Reynolds. The time period of the money laundering charge in Count Eleven is also enlarged by seven years. Both defendants and the government have acknowledged that the discovery in this case is voluminous. The Court finds that the defendants need additional time to investigate and prepare for trial in the wake of the new charges against them and to continue their review of discovery, including any discovery that may be forthcoming. The defendants have also expressed their desire to file motions, and Defendant Reynolds has filed a discovery motion. See 18 U.S.C. § 3161(h)(1)(F). The Court will need time to hear the discovery motions and any other motions that the defendant's file and time, not to exceed thirty days, to rule upon those motions. See 18 U.S.C. § 3161(h)(1)(J). Finally, the parties will need time to prepare for trial in light of the rulings on their motions. The Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial on the Superseding Indictment despite their due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that such preparation cannot be accomplished prior to the new trial date of **April 6, 2009**. Additionally, to require the defendants to proceed to trial on December 16 before they have received all of the discovery in this case, particularly on the new charges, would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i).

Defendant Reynolds' Motion for Continuance [**Doc. 16**] is **GRANTED**, and the trial is continued to **April 6, 2009**. The Court finds that all the time between the **December 5, 2008** hearing and the new trial date of **April 6, 2009**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(F), -(J), and -(8)(A)-(B). Regarding further scheduling, the government's response to Defendant Reynolds' discovery motion [Doc. 20] is due on **December 15, 2008**. The parties will appear for a hearing before Judge Guyton on this discovery motion on **December 18, 2008, at 2:00 p.m.**

Defendant Smith's Motion for Additional Time to File Motions [**Doc. 17**] will be taken up at the December 18 hearing, at which time the time line for the provision of discovery will hopefully be more defined. A pretrial conference before Judge Guyton is scheduled for **March 18, 2009, at 2:00 p.m.**

Accordingly, it is ordered:

(1) Defendant Reynolds' Motion for Continuance [**Doc. 16**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 6, 2009**, at 9:00 a.m., before the Honorable Thomas A. Varlan, United States District Court Judge;

(3) All time between the **December 5, 2008** hearing and the new trial date of **April 6, 2009**, is fully excludable time for speedy trial purposes as set forth above;

(4) The government's response to Defendant' Reynold's Motion for Additional Pretrial Conference to Formulate Plans to Regulate Discovery and/or to Impose Sanctions for Discovery and Speedy Trial Violations [Doc. 20] is due on or before **December 15, 2008**;

(5) The parties are to appear before United States Magistrate Judge H. Bruce Guyton for a motion hearing on Defendant Reynolds's discovery motion [Doc. 20] on **December 18, 2008, at 2:00 p.m.**;

(6) Defendant Smith's Motion for Additional Time to File Motions [Doc. 17] will be taken up at the December 18 motion hearing; and

(7) The pretrial conference in this matter, also before Judge Guyton, is set for **March 18, 2009**, **at 2:00 p.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4