UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CR-143 |
| ) | (VARLAN/GUYTON) |
| DONALD RAY REYNOLDS, JR., and ) | |
| NATHANIEL SMITH, JR., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On March 10, 2009, the parties came before the Court for an initial appearance on a Petition for Action on Conditions of Pretrial Release [Doc. 36], filed under seal on March 9, 2009. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorneys Donald A. Bosch and Ann C. Short-Bowers, retained counsel for the defendant, were present as was the defendant. Following the initial appearance, the Court took up defense counsel's Motion for Permission to Withdraw from Representation of Defendant, Donald Ray Reynolds, Jr. [Doc. 37], filed on March 10, 2009.

In the motion [Doc. 37], defense counsel contend that the Tennessee Rules of Professional Conduct ethically obligate them to withdraw. It also provides that there has been a fundamental breakdown in the attorney-client relationship. At the hearing, the Court permitted

1

defense counsel to file an affidavit under seal[1] further disclosing the bases for withdrawal. Defense counsel expressed their regret at having to withdraw from the case and their willingness to work with new counsel in order to facilitate the transition. The government had no comment on the motion.

The Court conducted a sealed, *ex parte* hearing with the defendant and defense counsel to determine their respective positions on the motion to withdraw. Without going into the confidential and private nature of that discussion, the Court concluded that good cause exists to relieve Attorneys Bosch and Short-Bowers of their representation and for the defendant to proceed with new counsel. The Court finds that defense counsel have an actual ethical conflict that prevents them from continuing to represent the defendant. Moreover, the Court concludes that there has been a breakdown in the attorney-client relationship such that the trust necessary for an adequate defense no longer exists within that relationship and that the situation is unlikely to improve. Based upon good cause shown, defense counsels' Motion for Permission to Withdraw [**Doc. 37**] is **GRANTED**, and Attorneys Bosch and Short-Bowers are relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. The parties appeared for a second hearing the following day, March 11, 2009.[2] Defendant Nathaniel Smith, Jr., was also present with his Attorney Boyd W. Venable, III.

---

[1]Per the sealing order [Doc. 39], this affidavit [Doc. 40] is sealed as to the public, the government, and all court personnel except for the undersigned.

[2]Attorney Bosch was excused from this hearing, but Attorney Short-Bowers was present.

Defendant Reynolds presented a financial affidavit, and the Court found that he qualified for appointed counsel. Attorney John E. Eldridge appeared and agreed to accept representation of the defendant  The Court therefore and hereby substitutes and appoints Mr. Eldridge under the Civil Justice Act (CJA) as counsel of record for Defendant Reynolds. The Court informed Attorney Eldridge of a pending Motion for Continuance [Doc. 35], filed by prior counsel and requesting a continuance of the April 6, 2009 trial date in this case. After consultation with the defendant, Mr. Eldridge sought a short continuance. Neither Defendant Smith or the government objected to the requested continuance.

      The Court finds the motion to continue the trial to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). At the time of the hearing, the trial of this case was set for April 6, 2009. To require Attorney Eldridge, who is newly appointed, to proceed to trial in less than a month would be a miscarriage of justice, given the voluminous discovery. See 18 U.S.C. § 3161(h)(8)(B)(i). Attorney Eldridge needs time to meet with the defendant, to review the discovery and the case file, and to prepare for trial. The Court finds that this could not take place before the April 6, 2009 trial date or in less than two and one-half months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court also finds that the delay occasioned by Defendant Reynold's need for a continuance also applies to Defendant Smith and is reasonable. See 18 U.S.C. § 3161(h)(7) (excluding from the speedy trial calculation a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

3

Accordingly, the Motion for Continuance [**Doc. 35**] is **GRANTED**, and the trial of this matter is reset to **May 27, 2009**. The Court also finds that all the time between the **March 11, 2009** hearing and the new trial date of **May 27, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7) & -(8)(A)-(B). With regard to other scheduling in the case, Defendant Reynolds is to file any pretrial motions on or before **March 27, 2009**. The Court also requested that counsel for Defendant Reynolds review the pending discovery motion [Doc. 20] and advise the Court on or before March 27 whether the Court will need to take up this motion or if it has been resolved. The government's responses to any motions are due on **April 10, 2009**. The Court finds that due to information disclosed regarding the Motion for Permission to Withdraw from Representation [Doc. 37], the undersigned is compelled to recuse himself from participation in this case. United States Magistrate Judge Dennis H. Inman will take over in the Court's stead. The pretrial conference set before the undersigned on March 18, 2009, at 2:00 p.m. is **CANCELLED**. The parties are to appear before Judge Inman for a revocation/detention hearing on **March 17, 2009, at 2:00 p.m.** This hearing will take place in Courtroom 3-A, in the Howard H. Baker, Jr., United States Courthouse.

Accordingly, it is **ORDERED**:

(1) The Motion for Permission to Withdraw from Representation of Defendant, Donald Ray Reynolds, Jr. [**Doc. 37**] is **GRANTED**, and Attorneys Donald A. Bosch and Ann C. Short-Bowers are relieved of further representation of Defendant Reynolds;

(2) Attorney John E. Eldridge is substituted and appointed as the defendant's counsel of record under the CJA;

(3) Defendant Reynold's Motion for Continuance [**Doc. 35**] is **GRANTED**;

(4) The trial of this matter is reset to commence on **May 27, 2009,**

4

Case 3:08-cr-00143-TAV-MCLC   Document 42   Filed 03/11/09   Page 4 of 5   PageID #: 216

**at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the **March 11, 2009** hearing, and the new trial date of **May 27, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6). Defendant Reynolds is to file any pretrial motions and to advise the Court whether he intends to pursue the pending discovery motion on or before **March 27, 2009**;

(7) The government's responses to any pretrial motions are due by **April 10, 2009**;

(8) The undersigned, United States Magistrate Judge H. Bruce Guyton, hereby **RECUSES** himself from this case;

(9) The pretrial conference scheduled before the undersigned for March 18, 2009, at 2:00 p.m., is **CANCELLED**;

(10) United States Magistrate Judge Dennis H. Inman will serve as the magistrate judge in this case; and

(11) The parties are to appear in Courtroom 3-A for a revocation/detention hearing before Judge Inman on **March 17, 2009, at 2:00 p.m.**

**IT IS SO ORDERED.**

ENTER:

     s/ H. Bruce Guyton
United States Magistrate Judge