UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 3:08-CR-143 |
| | ) | Varlan/Inman |
| DONALD RAY REYNOLDS, JR. | ) | |
| NATHANIEL SMITH, JR. | ) | |

## **REPORT AND RECOMMENDATION**

Defendant Donald Ray Reynolds, Jr. has filed a motion to suppress "all evidence seized without a warrant . . . during the months of November and December 2007, from a trash receptacle located at 10623 Allamata [sic: Alameda] Drive, Knoxville, Tennessee." (Doc. 61). In his motion, the defendant contends that he had a subjective expectation of privacy in his trash which society accepts as objectively reasonable, citing *California v. Greenwood*, 486 U.S. 35 (1988). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

An evidentiary hearing was held on May 13, 2009. The only witness was Special Agent Danielle Barto of the Criminal Investigation Division of the Internal Revenue Service.

Agent Barto testified that in the fall of 2007 she was requested to assist in the investigation of defendant's drug trafficking activities. Her assistance consisted of obtaining, and then inspecting, defendant's household trash and garbage. She obtained defendant's garbage by a prearranged understanding with the "trash vendor," i.e., the garbage man.

As did all other residents in this area, defendant placed his bagged garbage and trash

at the street curbside to be picked up by the trash vendor. After the trash vendor picked up defendant's garbage bags, he promptly delivered them to Special Agent Barto. Evidence of cocaine trafficking was found in some of defendant's garbage.

A person cannot challenge the seizure of property he has voluntarily abandoned. *See, e.g., Abel v. United States*, 362 U.S. 217 (1960). One who places trash or garbage at the street for collection by a sanitary worker has no reasonable expectation of privacy in that trash, as a result of which there is no Fourth Amendment violation for a warrantless search of that garbage and seizure of any evidence therein.

Not surprisingly, defendant claims that he had a subjective expectation of privacy in his garbage. Even if true, it is one that the Supreme Court has declared that society is not prepared to accept as objectively reasonable. *California v. Greenwood*, 486 U.S. at 39-40. *See also, United States v. Harris*, 2001 WL 259159 (6th Cir. 2001); *United States v. Sherrod*, 1995 WL 253178 (6th Cir. 1995).

It is respectfully recommended that defendant's motion to suppress (Doc. 61), be denied.[1]

Respectfully submitted,

                                s/ Dennis H. Inman
                                United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).