UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD RAY REYNOLDS, JR., )<br>)<br>Defendant. ) | No. 3:08-CR-143<br>(VARLAN/INMAN) |

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 97] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of attorney John Eldridge's Motion to Withdraw as Attorney. [Doc. 94] This case came before the Court on June 25, 2009, for a hearing on the instant motion. Assistant Untied States Attorney Greg Weddle appeared on behalf of the government, and attorney John Eldridge appeared on behalf of the defendant, who was also present.

In his motion, attorney Eldridge asks that the Court allow him to withdraw from his representation of defendant Reynolds. As grounds, counsel states that defendant Reynolds asked counsel to withdraw so that defendant Reynolds can proceed *pro se*. During the hearing, defendant Reynolds advised the Court that he was not satisfied with attorney Eldridge's representation and did wish to proceed *pro se*.

Based upon attorney Eldridge's motion, and the statements of attorney Eldridge and defendant Reynolds at the hearing, the Court finds that the trust between attorney and client necessary for an adequate defense no longer exists, that communications between the defendant and counsel have broken down, and that the situation is unlikely to improve. Accordingly, for good

cause shown, attorney Eldridge's Motion to Withdraw [**Doc. 94**] is hereby **GRANTED**, and attorney Eldridge is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Supreme Court has held that a criminal defendant may proceed *pro se* if his or her decision to do so is voluntary and intelligent. Faretta v. California, 422 U.S. 806, 835 (1975) (citing Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)). In the present case, the Court reviewed with the defendant the severity of the charges and possible penalties he faced, as well as the difficulties, obligations, and responsibilities he would face if he proceeds *pro se*. The Court also strongly advised the defendant that it would be in his best interest to be represented by an attorney, rather than representing himself. Based upon the defendant's answers to the Court's inquiry, the Court finds that the defendant knowingly and voluntarily waived his right to counsel and should be permitted to represent himself.

The Court next considered the appointment of standby or elbow counsel for the defendant. The appointment of standby counsel, even over a *pro se* defendant's objection, does not violate the defendant's right to represent him or herself. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); Faretta, 422 U.S. at 834 n.36 (noting that the "State may–even over objection by the accused–appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary"). Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's

perception that the defendant is representing himself." Wiggins, 465 U.S. at 178. The United States Supreme Court has also held that a defendant's right to represent himself is

> not infringed when standby counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure.

Id. at 183. The Court notes that the appointment of standby counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." Id. at 184.

With these principles in mind, the Court appointed Attorney Norman McKellar to participate as standby counsel for the defendant pursuant to the Civil Justice Act. To the extent possible, attorney McKellar shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum, and shall, when asked by the defendant, help the defendant in overcoming routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, that the defendant himself has clearly indicated that he wants to complete. Attorney McKellar may also, upon the defendant's request, aid him by means of technical assistance in the presentation of his defense and the preservation of the record for appeal. Finally, the trial court may ask attorney McKellar to represent the defendant should the defendant decide that he no longer wants to represent himself, or if the termination of self-representation becomes necessary, such as if the defendant must be removed from the courtroom for disruptive behavior.

Accordingly, it is ordered that:

(1) Attorney Eldridge's Motion to Withdraw as Attorney [**Doc. 94**] is **GRANTED**, and Attorney Eldridge is permitted to withdraw as the defendant's counsel of record;

(2) The defendant is permitted to represent himself; and

(3) Attorney Norman McKellar is appointed as the defendant's standby or elbow counsel under the Civil Justice Act, pursuant to the limitations on that role stated herein.

SO ORDERED:

                                            s/ Dennis H. Inman
                                       United States Magistrate Judge