UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-143 |
| | ) | (VARLAN/INMAN) |
| DONALD RAY REYNOLDS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 100] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the defendant's *pro se* Motion for Judicial Notice and Frank's Hearing. [Doc. 95] Defendant Reynolds moves the Court to take judicial notice of 18 U.S.C. § 2511, which prohibits the interception of electronic communications, except as otherwise provided for by law. The defendant also moves the Court for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), as to any court order authorizing a wire tap in this case. The government opposes the motion, arguing that no Title III wiretaps were utilized in this case, and thus 18 U.S.C. § 2511 does not apply. To the extent that the defendant seeks a Franks hearing, the government relies on its prior opposition to such a request [Doc. 78], arguing that the defendant has not made the minimal showing necessary to merit such a hearing. For the reasons set forth more fully below, the defendant's motion **[Doc. 95]** will be **DENIED**.

Initially, the Court notes that the motion deadline in this matter expired on April 10, 2009. [Doc. 53] The defendant has not sought an extension or re-opening of the motion deadline. Thus, the instant motion is untimely, and is denied on that basis.

However, even if the motion were timely, the motion would also be denied on its merits. To the extent that the defendant's motion focuses on allegedly improperly obtained wiretaps, the government has stated that there are no such wire taps in this case. [Doc. 102] The defendant has not pointed to any wiretaps which would belie the government's statement, nor is the Court aware of any. In the absence of such wiretaps, 18 U.S.C. § 2511 is irrelevant to this action, providing another basis for the denial of the defendant's motion.

To the extent that the defendant seeks a <u>Franks</u> hearing as to any affidavit relied upon in the issuance of a court order authorizing a wiretap, there are no such wiretaps, and correspondingly, no such court orders. To the extent that the defendant seeks a <u>Franks</u> hearing as to the search warrants in this case, a defendant is entitled to a hearing to challenge the validity of a search warrant only if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." <u>Franks v. Delaware</u>, 438 U.S. 154, 155-56 (1978). In addressing the burden a defendant must meet to warrant a <u>Franks</u> hearing, the Sixth Circuit has held that:

> A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden. **His allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth. He must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence**. If he meets these requirements, then the question becomes whether, absent the challenged statements, there remains sufficient content in the affidavit to support a finding of probable cause.
>
> If probable cause exists absent the challenged statements, a defendant is entitled to no more; however, if such cause does not exist absent the challenged statements, he is entitled to a hearing if he requests

one. He must show at the hearing, by a preponderance of the
evidence, that false statements were made either intentionally or with
reckless disregard for the truth and that without these statements there
is insufficient content in the affidavit to support a finding of probable
cause. If he makes this showing, the evidence should be suppressed.

<u>United States v. Bennett</u>, 905 F.2d 931, 934 (6th Cir. 1990)(emphasis added).

In the instant case, the defendant has not made an offer of proof as to any alleged false

statements, nor has the defendant provided any supporting affidavits, nor explained their absence.

Thus, to the extent that the defendant seeks to challenge the search warrants in this case, the Court

finds that the defendant has not met his initial burden as to a <u>Franks</u> hearing, providing an additional

basis for the denial of the defendant's motion.

Accordingly, for all of the reasons set forth above, the defendant's *pro se* motion **[Doc. 95]**

is hereby **DENIED**.

SO ORDERED:

       <u>s/ Dennis H. Inman</u>
United States Magistrate Judge