UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 3:08-CR-143 |
| | ) | Varlan/Inman |
| DONALD RAY REYNOLDS, JR. | ) | |
| NATHANIEL SMITH, JR. | ) | |

**REPORT AND RECOMMENDATION**

Mr. Reynolds, now proceeding *pro se* at his request, has filed an "Affidavit" which has been filed appropriately as a motion to dismiss. (Doc. 103). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

Even making due allowance for the fact that Mr. Reynolds is representing himself, his motion is rambling and in some instances difficult to understand.

He states that he has "reason to believe" that his court-appointed lawyer, John Eldridge, has conspired with the Assistant United States Attorneys involved in this case to deprive him of rights secured to him by the laws and Constitution of the United States of America.

On the third page of defendant's motion, he asserts that by virtue of his detention, he is being held in involuntary servitude, and he asks the court to "disclose for the record" whether he is a slave or other property of the United States. The frivolousness of this assertion notwithstanding, the court hereby declares that this defendant is not a slave merely because he has been detained under the Bail Reform Act. Pretrial detention under the Act is constitutional; *United States v. Salerno*, 481 U.S. 739, 748 (1987); *Rosales-Garcia v. Holland*, 238 F.3d 704 (6th Cir. 2001).

Next, in an extremely general manner, defendant claims that an unspecified search warrant

was issued on the basis of an affidavit that contained false information. This attempt to raise a *Franks* issue has been addressed in a recent order, and need not be addressed again.[1]

Next, defendant asks that his court-appointed lawyer, John Eldridge, be replaced. That has been done, defendant now represents himself.[2]

On page 9 of his motion, defendant asks for pretrial release in order to defend himself. Defendant was ordered detained because this court earlier determined that he posed such a danger that there was no condition or combination of conditions which this court could impose that would acceptably minimize that danger. Defendant's election to represent himself does nothing to mitigate that danger. It is acknowledged that defendant's pretrial detention will make it more difficult for him to prepare for trial. But, if the defendant is entitled to pretrial release merely because he is proceeding *pro se,* the Bail Reform Act would be eviscerated; notwithstanding a defendant's dangerousness or risk of flight, he would be entitled to pretrial release merely by representing himself. Moreover, it is noted that the trial of this case is set in September, 2009, and defendant has standby counsel appointed for him.

Defendant ultimately moves that the court dismiss the indictment against him on the grounds that "this case was procured in plain error."[3] Respectfully, this magistrate judge is a bit uncertain what defendant is trying to convey by his use of the words "plain error" in this context. Presumably, he is asserting that the "conspiracy" among his former lawyers, Mr. Eldridge and Mr. Bosch, and the United States Attorneys Office, is "plain error" that requires the dismissal of the indictment.

---

[1] See, Order, Doc. 104.

[2] Order, Doc. 101.

[3] Motion, p. 9.

Recognizing that this court must grant some latitude to a *pro se* defendant in a criminal case, this allegation is so beyond the pale that the court should not extend already precious resources on addressing it further. Mr. Reynolds' bald recitation that he has "reason to believe" that Mr. Eldridge and the Assistant United States Attorneys conspired to deprive him of his rights is grossly inadequate to support any claim for relief; conclusory allegations will not suffice. *See, Machibroda v. United States*, 368 U.S. 487, 495 (1962); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964). Since defendant has made only nonspecific, conclusory allegations of this alleged conspiracy, he is not entitled to a hearing, much less the dismissal of this indictment.

It is respectfully recommended that defendant's motion to dismiss the indictment be denied.[4,5]

Respectfully submitted,

                                    s/ Dennis H. Inman
                               United States Magistrate Judge

---

[4] After his request that the indictment be dismissed, defendant asserts that "any denial must be on and for the record with proof of jurisdiction provided by U.S. Constitution and or Acts of Congress spelled out expressed word for word . . . ."

The undersigned is unsure of defendant's point, or request. In any event, this report and recommendation will be filed and therefore is "on the record." The jurisdiction of this court exists by virtue of Article III of the Constitution of the United States of America and the fact that the defendant is charged with violating federal criminal statutes.

[5] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).