UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:08-CR-143 |
| | ) (VARLAN/INMAN) |
| DONALD RAY REYNOLDS, JR. and | ) |
| NATHANIEL SMITH, JR., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Doc. 117, 118] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of *pro se* defendant Reynolds' Motion for Leave to File Additional Pretrial Motions After Deadline [Doc. 114] and motion styled "Request List" [Doc. 116], and defendant Smith's *pro se* Motion to Sever. [Doc. 115] The Court addresses each of the motions in turn.

**I.     Reynolds' Motion for Leave to File Additional Pretrial Motions After Deadline [Doc. 114]**

*Pro se* defendant Reynolds moves the Court to allow him to file additional pretrial motions after the motion deadline, which expired April 10, 2009. [Doc. 53] The instant motion provides no basis for the relief sought, does not set forth what motions the defendant anticipates filing, and fails to indicate why the motions could not have been filed prior to the motion deadline. In the absence of this information, the Court finds the motion **[Doc. 114]** is not well taken, and is hereby **DENIED without prejudice**. The Court will not, at this point in the proceedings, grant the defendant open ended permission to file additional motions. If the defendant wishes to file specific motions after

the motion deadline, he may file a motion setting forth the types of motions to be filed, including a brief description of the specific relief sought by the motions to be filed, and should explain why the motions in question could not be filed prior to the motion deadline.

## II.     Reynolds' Request List [Doc. 116]

The Court is next faced with a document filed by defendant Reynolds' styled "Request List". [Doc. 116] The document contains a laundry list of items the defendant seeks, including a list of thirty-two motions that defendant Reynolds tasks his standby counsel, attorney Norman McKellar, with filing. The Court is uncertain whether the instant document is intended as a motion by defendant Reynolds, but, in an abundance of caution, the Court will treat it as such.

To the extent that defendant Reynolds does intend the instant document as a motion, the defendant has not set forth the specific relief he seeks, nor a basis for any relief, nor has he provided a reason why the instant motion should be allowed to be filed after the motion deadline. Thus, to the extent the document was intended as a motion **[Doc. 116]**, the same is **DENIED**.

To the extent that the instant document was filed in some expectation that the Court would require attorney McKellar to carry out the defendant's wishes, the Court reminds the defendant of attorney McKellar's role as standby counsel. On June 25, 2009, defendant Reynolds appeared before the Court and indicated that he wished to proceed in this matter *pro se*. Defendant Reynolds' request was granted, but with one caveat, the appointment of attorney McKellar as standby counsel. [Doc. 101] In describing the role attorney McKellar would fill, the Court ruled as follows:

> [t]o the extent possible, attorney McKellar shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum, and shall, when asked by the defendant, help the defendant in overcoming routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, that the

2

> defendant himself has clearly indicated that he wants to complete. Attorney McKellar may also, upon the defendant's request, aid him by means of technical assistance in the presentation of his defense and the preservation of the record for appeal. Finally, the trial court may ask attorney McKellar to represent the defendant should the defendant decide that he no longer wants to represent himself, or if the termination of self-representation becomes necessary, such as if the defendant must be removed from the courtroom for disruptive behavior.

[Doc. 101 at p. 3] That is the scope of attorney McKellar's appointment under the Criminal Justice Act, and the Court will not order him to exceed that scope. If defendant Reynolds has changed his mind about proceeding *pro se* and wishes the full appointment of attorney McKellar to represent him in this case, the defendant should file a motion with the Court seeking such relief.

### III. Smith's Motion to Sever [Doc. 115]

Defendant Smith moves the Court to sever the trials of defendant Smith and defendant Reynolds. Defendant Smith is represented by counsel, but filed the instant motion *pro se*. In the instant motion, defendant Smith states that the Court should grant his request "due to [Smith's] ownership of responsibility in the July 20, 2007 incident at the Comfort Inn in Skokie, Il. In which I acted on my own accord, without the knowledge made known to Donald R. Reynolds, whom at the time was in Knoxville, TN with his mother at Parkwest Hospital." [Doc. 115]

Initially, in an abundance of caution, the Court reminds defendant Smith that he has the right to remain silent, and that anything he says may be used against him in the future, including at the trial in this matter. The defendant would be well advised to seek the advice of his Court appointed counsel before making statements such as the one cited above.

Turning next to the merits of the instant motion, the Court notes that the Local Rules of this District provide that:

3

> [w]henever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party.

E.D.TN. LR 83.4(c). As of the time of the filing of the instant motion, defendant Smith was, and remains, represented by counsel, attorney Robert Kurtz. Thus, the instant motion was filed in violation of Local Rule 83.4(c), and will be denied on that basis. Additionally, as the Court noted above, the motion filing deadline has passed, and the defendant has not provided a basis for the Court to extend that deadline to allow the filing of the instant motion, supplying a second basis for the denial of the instant motion.

However, even if the Court were to consider the instant motion on its merits, the motion would still fail. Rule 14 of the Federal Rules of Criminal Procedure provides that:

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). In this instance, the defendant's motion provides no basis for a finding of such prejudice, nor does the Court find that the joinder of these two defendants at trial will create such prejudice.

Accordingly, for all of the reasons stated above, defendant Smith's *pro se* motion to sever **[Doc. 115]** is hereby **DENIED**.

4

**IV.     Conclusion**

In summary, for the reasons set forth more fully above, it is ordered that *pro se* defendant Reynolds' Motion for Leave to File Additional Pretrial Motions After Deadline **[Doc. 114]** is hereby **DENIED without prejudice**; defendant Reynold's motion styled as "Request List" **[Doc. 116]** is hereby **DENIED**; and defendant Smith's *pro se* Motion to Sever **[Doc. 115]** is hereby **DENIED**.

SO ORDERED:

    s/ Dennis H. Inman    
United States Magistrate Judge
