UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-143 |
| | ) | (VARLAN/INMAN) |
| DONALD RAY REYNOLDS, JR., and | ) | |
| NATHANIEL SMITH, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This criminal case is before the Court for consideration of the Report and

Recommendation ("R&R") [Doc. 88] entered by United States Magistrate Dennis H. Inman

on June 4, 2009. In the R&R, Magistrate Judge Inman recommends that the Court deny

Defendant Nathaniel Smith, Jr.'s ("Defendant Smith") Motion to Suppress Evidence and

Request for Franks Hearing [Doc. 54] and Defendant Donald Ray Reynolds, Jr.'s

("Defendant Reynolds") First Motion to Suppress. [Doc. 59.] In considering the R&R, the

Court will address each of the underlying motions in turn.

**I.     Defendant Smith's Motion to Suppress Evidence and Request for Franks Hearing [Doc. 54]**

Defendant Smith has made no timely objections to the R&R, and enough time has

passed since the filing of the R&R to treat any of his objections as having been waived. *See*

28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2). The Court has carefully reviewed this

matter, including the underlying pleadings and other related materials. The Court is in

agreement with Magistrate Judge Inman's recommendation, which the Court hereby adopts and incorporates into its ruling as to Defendant Smith's motion.

## II.     Defendant Reynolds' First Motion to Suppress. [Doc. 59]

Defendant Reynolds has filed an appeal of Magistrate Judge Inman's R&R relative to his Motion to Suppress No. 1. [Doc. 92.] In support of this objection, Defendant Reynolds simply states that he "relies upon his originally filed brief in support of that Motion to Suppress No. 1." [Doc. 92.]

The Court notes that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). *See also Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995) (discussing how a general objection to a magistrate's report, "which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed"); *McIntosh v. United States*, No. 97-5559, 1998 WL 553028, at *1 (6th Cir. Aug. 11, 1998) (finding that general objections did not satisfy the requirement that an objection be clear enough to enable the district court to discern those issues that are dispositive and contentious). The Sixth Circuit has recognized that a general objection results in a "duplication of time and effort [that] wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard*, 932 F.2d at 509; *see also Thomas v. Arn*, 474 U.S. 140, 148 (1985) (discussing how district courts would otherwise be forced "to review every issue in every case, no matter how thorough the magistrate's

2

analysis"). Accordingly, the Court treats Defendant Reynolds' objection as having the same effect as a failure to object.

In light of all of this and the relevant considerations, the Court is in agreement with Magistrate Judge Inman's recommendation, which the Court hereby adopts and incorporates into its ruling as to Defendant Reynolds' motion.

## III. Conclusion

Accordingly, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Magistrate Judge Inman. [Doc. 88.] Defendant Nathaniel Smith, Jr.'s Motion to Suppress Evidence and Request for Franks Hearing [Doc. 54] and Defendant Donald Ray Reynolds, Jr.'s First Motion to Suppress [Doc. 59] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE