UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 3:08-CR-143 |
| | ) | Varlan/Inman |
| DONALD RAY REYNOLDS, JR. | ) | |

## REPORT AND RECOMMENDATION

The defendant Donald Ray Reynolds, *pro se*, has filed a motion requesting "Relief from a Judgment or Order Rule 60(b) . . .," and a "Motion to inspect grand jury minutes or alternatively for particulars as to what evidence was presented to the grand jury." (Doc. 281).

This motion has been referred to the magistrate judge for determination, or for a report and recommendation, as appropriate.[1]

Defendant asserts in his motion that he should be relieved under Rule 60(b) of Federal Rules of *Civil* Procedure of the judgment of conviction entered against him because of newly discovered evidence; fraud; and because the judgment is void. He also argues that under F.R.Civ.P. 60(d), this court may grant to him the relief he seeks, *viz.*, the setting aside of his judgment of conviction, because of fraud perpetrated on the court.

---

[1] Order, Doc. 282. Since a portion of defendant's motion requests that his judgment of conviction be set aside, the appropriate vehicle to address his motion is a report and recommendation.

Defendant's motion obviously was precipitated by this court's recent unsealing of a number of search and seizure warrants and accompanying affidavits concerning Mr. Reynolds which remained sealed after his trial and conviction.[2] Basically, Mr. Reynolds argues that these recently unsealed warrants and affidavits demonstrate that Agent Brian Grove, the affiant on other search warrants involving Mr. Reynolds which generated significant evidence introduced against him at his trial, knowingly provided false information in those other affidavits. He asserts that had he been aware of the *sealed* warrants, his pretrial motion for a *Franks* hearing would not have been denied.[3] This, of course, is the "newly-discovered" evidence which he alleges. The "fraud" consists of Agent Grove's false statements in the affidavits filed in support of his application for search warrants, as well as Agent Grove's *and this court's* actions in attempting to conceal from defendant those affidavits by sealing them.

Overlooking defendant's reference to Rule 59 of the Rules of Civil Procedure, and considering his motion in the context of Rule 33 of the Rules of Criminal Procedure, to show that he is entitled to a new trial based on newly-discovered evidence, he is required to demonstrate: (1) that new evidence was discovered after trial; (2) that the new evidence could not have been discovered earlier with due diligence; (3) that the new evidence is material;

---

[2]Orders, Docs. 263, 264.

[3]Defendant's first *Franks*' motion was *withdrawn* by his then-attorney; *see*, Report and Recommendation, Doc. 88, and Order, Doc. 126. Thereafter, defendant *pro se* filed a motion for a *Franks* hearing (Doc. 95), which the court denied because of defendant's failure to support his motion with anything more than his conclusory allegations (Doc. 104).

and (4) that the evidence would likely produce an acquittal. *United States v. Wade*, 2004 WL 1888870 (6th Cir. 2004).

First, all the search warrants and accompanying affidavits were furnished to defendant in the course of discovery.[4] Indeed, defendant filed motions to suppress evidence seized as a result of two of those warrants.[5] The fact that those search warrants remained sealed was (1) inadvertent, and (2) inconsequential. The evidence is not "new," nor was it recently discovered.

Second, defendant makes only conclusory (not to mention outrageous) arguments, and he fails to demonstrate to any extent how those recently unsealed search warrants reveal that Agent Grove misrepresented the facts in the affidavits underlying any search or seizure warrant. Notwithstanding defendant's failure to do more than make conclusory allegations, the court reviewed each of the affidavits which were recently unsealed. There is nothing in any affidavit that remotely suggests that information in another affidavit was false.

Third, Rule 60 of the Federal Rules of Civil Procedure is not the appropriate procedural vehicle: "Rule 60(b) motions . . . are collateral challenges to federal criminal judgments and sentences. A party may not seek relief from a criminal sentence under F.R.Civ.P. 60(b), because Rule 60(b) is not applicable to criminal proceedings." *United States v. Albert*

---

[4]*See*, Affidavit of AUSA Plowell, Doc. 283.

[5]Doc. 59.

*Hart/Mark Cross* 2000 WL 1359639 (6th Cir. 2000).[6]

Defendant argues that he should be allowed to inspect the Grand Jury minutes, or alternatively to be advised of what evidence was presented to the Grand Jury, to show that this court was "deceived."[7] Specifically, defendant argues that the Grand Jury minutes, or a description of the evidence submitted to the Grand Jury, will reveal that the indictment returned against him was based upon evidence illegally obtained through Grove's false representations in the affidavits he submitted in support of his applications for those search warrants.

Any consideration of a request for evidence presented to the Grand Jury must start with the acknowledgment that Grand Jury proceedings are secret; *see, Douglas Oil Co. of California v. Petrol Stops, etc.*, 441 U.S. 211, 218-19 (1979); F.R.Crim.P. 6(e)(2). This veil of secrecy may be pierced only as allowed by Rule 6(e)(3)(E). Anyone, including a criminal defendant, must make a showing of a "particularized need" before a court may allow that person to gain access to Grand Jury minutes. *Dennis v. United States*, 384 U.S. 855, 870 (1966).

So-called "fishing expeditions," i.e., efforts to obtain discovery, do not constitute the "particularized need" required to breach the veil of secrecy surrounding Grand Jury proceedings. In *Thomas v. United States,* 597 F.2d 656 (8th Cir. 1979), the defendant, who

---

[6]*See also, United States v. Ford*, 2001 WL 1450794 (6th Cir. 2001); *United States v. Diaz*, 2003 WL 22434557 (6th Cir. 2003).

[7]Doc. 281, p. 10.

was seeking post-conviction relief, requested that he be given the minutes of the Grand Jury which indicted him. In a *per curium* opinion, the court held that he was not entitled to the minutes:

> Courts have expressed the balance between the policy of secrecy which is to be afforded grand jury proceedings and the limited exceptions in which disclosure may be made by recognizing that the party moving for disclosure must establish a "particularized need." [citations omitted].
>
> Before the district court petitioner indicated he wanted to pursue post-conviction relief pursuant to 28 U.S.C. § 2255 and that the "Issues of which I desires to Raise Must be Proved by the Jury Minuits" [sic]. On appeal petitioner only adds that he is "being deprived of important documents that will very well prove all of appellant's prior and future allegations in a court of law in reference to 'due process' and 'equal protection of law.'" These statements show no "particularized need" for grand jury materials, rather they are but an expression of a generalized hope by petitioner that he might find some defect in the grand jury proceedings. Such "fishing expeditions" do no provide sufficient grounds for disclosure prior to or at trial. [citations omitted].

Defendant is not entitled to either the Grand Jury minutes or the "particulars" of the evidence submitted to the Grand Jury since his request is obviously for discovery which falls short of being the "particularized need" required.

The procedural device which defendant has chosen to use, Rule 60 of the Rules of Civil Procedure, is inappropriate. Moreover, defendant has failed to show that there is any "newly-discovered" evidence in his case, or that there was any "fraud" perpetrated by anyone on anyone. Both for procedural and substantive deficiency, defendant's motion for a new trial should be denied and, since his request to view the Grand Jury minutes is nothing more than an attempt to obtain discovery, that aspect of his motion also should be denied.

Therefore, it is respectfully recommended that defendant's motion (Doc. 281), be denied in its entirety.[8]

Respectfully submitted,

                                                        s/ Dennis H. Inman
                                           United States Magistrate Judge

---

[8] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).