UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:08-CR-143-1 |
| | ) | (VARLAN/INMAN) |
| DONALD RAY REYNOLDS, JR., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on the Report and Recommendation entered by United States Magistrate Judge Dennis H. Inman (the "R&R") [Doc. 284]. The R&R addresses the defendant's *pro se* motion for relief from judgment or order pursuant to Rule 60(b)(2), (3), (4), and (d)(3) and to "inspect grand jury minutes or alternatively for particulars as to what evidence was presented to the grand jury" [Doc. 281]. Magistrate Judge Inman recommends that the defendant's motion be denied in its entirety [Doc. 284]. The defendant filed an objection [Doc. 285], and the government responded [Doc. 291].

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered the R&R [Doc. 284], the underlying motion [Doc. 281], the defendant's objection [Doc. 285], and the government's response [Doc. 291], all in light of the relevant law.

Magistrate Judge Inman read the defendant's motion to assert various arguments, precipitated by the recent unsealing of a number of search and seizure warrants and accompanying affidavits concerning the defendant that remained sealed after his trial and conviction: first, that the defendant should be relieved of the judgment of conviction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because of newly discovered evidence, fraud, and because the judgment is void; second, that the judgment of conviction should be set aside pursuant to Rule 60(d) of the Federal Rules of Civil Procedure because of fraud perpetrated on the Court; and third, that the defendant should be allowed to inspect the Grand Jury minutes, or to be advised of what evidence was presented to the Grand Jury, so that he may demonstrate that the Court was deceived.

Although the defendant's objection is difficult to follow, the defendant argues in response to the R&R that the magistrate judge misunderstood the relief sought by him [*See* Doc. 285]. Specifically, he appears to assert that the motion referred to the magistrate judge was meant "to support [a] Rule 41 motion to Return illegale [sic] obtain [sic] evidence and not precipitated by the court's recent unsealing of a number of search and seizure warrants and accompanying affidavits concerning Reynolds, which remained sealed after his trial and conviction" [*Id.*]. The Court has reviewed the motion referred to the magistrate judge that is the subject of the R&R and finds that the magistrate judge properly construed and considered that motion and the relief sought therein. Accordingly, the defendant's objection is **OVERRULED**, and the Court **ACCEPTS IN WHOLE** the R&R [Doc. 284]. The defendant's *pro se* motion for relief from judgment or order pursuant to Rule 60(b)(2), (3),

(4), and (d)(3) and to "inspect grand jury minutes or alternatively for particulars as to what evidence was presented to the grand jury" [Doc. 281] therefore is **DENIED**.

To the extent that the defendant's objection requests relief pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, the Court finds the request without merit.[1] Before explaining the reasons for this ruling, the Court notes that in his objection, the defendant refers to a previously filed Rule 41(g) motion [Doc. 259], which substantially duplicated a previous motion to compel the return of property filed by the defendant [Doc. 246]. The first of these motions was denied by the Court because the defendant improperly submitted the motion *pro se*, despite being represented by counsel appointed by the Sixth Circuit [Doc. 248]. The second filing was docketed as a copy of the original motion; however, the second filing also contained a letter from the counsel appointed by the Sixth Circuit, indicating that such counsel does not represent the defendant with respect to any civil litigation in this Court [Doc. 259]. Although the second filing [Doc. 259] has not been ruled upon, given the letter submitted by the defendant from his counsel appointed by the Sixth Circuit, the Court finds it appropriate to consider it here in conjunction with the Rule 41(g) argument raised pursuant to the defendant's objection because a Rule 41(g) motion "is treated as a civil action in equity when the owner of the property invokes the Rule after the conclusion of his criminal proceedings." *United States v. Oguaju*, 107 F. App'x 541, 542 (6th Cir. 2004) (citation omitted).

---

[1] The Court notes the defendant, as well as his family members, has made previous motions to return property [*see* Docs. 204, 207, 214, 216, 246], all of which have been denied by the Court.

3

It is settled in the Sixth Circuit that "[o]nce forfeiture proceedings have been initiated and the property owner has been notified of such proceeds, 'a claimant may no longer use Rule 41(e) [now Rule 41(g)], but instead must submit to the statutory procedures governing civil forfeiture proceedings." *Id.* (alteration in original and citations omitted). Property owners, however, may pursue a collateral due process attack on the administrative forfeiture. *Id.*

On May 19, 2010, the Court entered a preliminary order of forfeiture pursuant to the jury verdict returned against the defendant, forfeiting to the United States his interest in and to certain property [Doc. 201]. On January 7, 2011, the Court entered a final order of forfeiture regarding that property, with the exception of the Land America escrow account #05005261, in the name of Sterling Henton [Doc. 241]. A review of the record reveals that the property the defendant seeks to have returned pursuant to Rule 41(g) is property that was subject to such forfeiture. Further, the Court notes that the defendant does not make any collateral due process attack with respect to the forfeiture. Thus, Rule 41(g) relief is not available. *See United States v. Wilson*, No. 1:07CR137, 2011 WL 2160289, at *2 (N.D. Ohio May 31, 2011) ("When the Government seizes property for use in an investigation or trial the property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." (citation omitted)); *United States v. Wilson*, No. 05-80617, 2008 WL 3200657, at *1 (E.D. Mich. Aug. 5, 2008) (denying the defendant's Rule 41(g) motion because the defendant agreed to the forfeiture of his interest in the property he sought to be returned, despite that the government had not commenced criminal forfeiture

4

proceedings against him); *United States v. Hicks*, No. CR02-375C, 2005 WL 2656594, at *2 (W.D. Wash. Oct. 14, 2005) (finding the defendant's Rule 41(g) motion without merit because the subject sought to be returned was the subject of a final order of forfeiture).

Accordingly, the Court hereby **DENIES** the defendant's motion to compel the return of property as set forth in his motion [Doc. 259] and the request for the return of property set forth in his objection to the R&R [Doc. 285].

IT IS SO ORDERED *NUNC PRO TUNC* JULY 7, 2011.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
