UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 3:08-CR-143 |
| | ) | Varlan/Inman |
| DONALD RAY REYNOLDS, JR. | ) | |

## **REPORT AND RECOMMENDATION**

The defendant Reynolds was convicted of numerous drug and firearms offenses on March 8, 2010,[1] and ultimately was sentenced to a term of imprisonment for the rest of his life, plus nine hundred months.[2] He has appealed his conviction and sentence to the Sixth Circuit Court of Appeals.

Defendant has filed a "Motion To Be Released To Bail, Pursuant To Rule 9 Of The Federal Rules Of Appellate Procedure." (Doc. 301). That motion has been referred by the district judge to the undersigned magistrate judge for order or report and recommendation, as appropriate.[3]

If newly-charged with the offenses for which he has been convicted, defendant would confront the rebuttable presumption of 18 U.S.C. § 3142(e)(3): That there is no condition or combination of conditions which will reasonably assure his appearance and the safety of the community. If that presumption is not rebutted, then the court is required

---

[1] Doc. 188.

[2] Doc. 221.

[3] Doc. 305.

to detain the defendant. That rebuttable presumption arises on the basis of *probable cause* to believe the defendant committed offenses involving a term of imprisonment of ten or more years. At this stage of the proceedings, there is not merely probable cause to believe Mr. Reynolds committed these offenses; rather, he has been found beyond a reasonable doubt to have committed them.

Defendant's conviction of drug and drug-related firearms offenses triggers the application 18 U.S.C. § 3143(b)(2):

> The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C), of subsection f(1) of Section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of *certiorari*, be detained. [Italics supplied].

The foregoing statute is clear and unequivocal: a defendant convicted of drug offenses carrying a sentence of ten or more years in the penitentiary must be detained. This court has no authority to grant defendant the relief he requests, even if he was otherwise arguably entitled to it.

Accordingly, it is recommended to the court that the defendant's motion to be released pending his appeal, (Doc. 301), be denied.[4]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate

---

[4] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).