UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | No. 3:08-CR-143 |
| ) | Varlan/Inman |
| DONALD RAY REYNOLDS, JR. ) | |

## **REPORT AND RECOMMENDATION**

The defendant Reynolds has filed a "Request For Judicial Notice Of Adjudicative Facts." (Doc. 300). This motion been referred by the district judge to the magistrate judge for order or report and recommendation, as appropriate.[1]

The "Statement of Facts" the defendant asks this court to judicially notice pursuant to Rule 201 of the Federal Rules of Evidence appears in section I of his motion:

> I. STATEMENT OF FACT
>
> On November 19, 2007, and December 10, 2007, law enforcement personnel directed the removal of trash from a garbage receptacle left on the curb at 10623 Alameda Drive, Knoxville, Tennessee. Allegedly during the inspection of the trash. (sic). Upon inspection of the garbage, officers claim to have recovered what they claim was packaging used for kilogram quantities of cocaine.
>
> On June 18, 2008, Special Agent Brian Grove of the IRS presented application and affidavit for warrants to search the business and residence of Donald Ray Reynolds, Jr., located at 1001 Crooked Springs Road, Knoxville, Tennessee and 10623 Alameda Drive Knoxville, Tennessee, before the magistrate judge C. Clifford Shirley, Jr.

---

[1]Doc. 305. Since this matter is post-trial, a report and recommendation is the appropriate method. 28 U.S.C. § 636(b)(1)(A) and (B).

> Interestingly enough, there was no allegation of criminal activity occasioning the places to be search (sic) and seizure was based on the requisite probable cause determination that a crime was committed at the places to be search, (sic) and with the Things to be seized.[2]

A court may take judicial notice of a fact only if it is not subject to reasonable dispute, and if it is generally known within the trial court's jurisdiction, or if it can be readily determined from sources whose accuracy cannot reasonably be questioned. Rule 201, Federal Rules of Evidence.

The facts which defendant asks this court to judicially notice are:

(1) there was a law of enforcement "trash pull" at 10623 Alameda Circle on November 19 and December 10, 2007;

(2) the officers inspecting that garbage claimed to have recovered packaging materials used for kilogram quantities of cocaine;

(3) on June 18, 2008, Special Agent Grove presented his application and supporting affidavit to Magistrate Judge Shirley of this court for a warrant to search 1001 Crooked Springs Road; and

(4) there was no allegation of criminal activity occurring at the Crooked Springs Road address.

These "facts," whether reasonably disputable or otherwise, are either already in the record in this case in the form of testimony or a writing (e.g., as part of an affidavit filed

---

[2]Most of defendant's motion is a re-argument of his oft-presented claims that there was no probable cause for this court to issue warrants to search his properties at Alameda Drive and Crooked Springs Road in Knoxville.

2

in support of an application for a search warrant), or they are not in the record at all. If in the record, they may or may not be subject to reasonable dispute.

To be sure, the court can take judicial notice of its own records, and to that extent the court may do so here, and now; but that is not tantamount to taking notice of the *precise* facts as the defendant asserts them to be. At the very least, defendant is obligated to point out to the court *where* in the record these facts appear so that the court can ascertain if there could be any dispute attendant to those claimed facts, and that defendant did not do. *See*, F.R.E. 201(c)(2).

On the other hand, if the facts set out in defendant's motion are not in the record, they are subject to dispute by definition, as a result of which this court may not judicially take notice them.

Under the circumstances, it is recommended to the court that the defendant's request for judicial notice of adjudicative facts, (Doc. 300), be denied.[3]

Respectfully submitted,

      s/ Dennis H. Inman
      United States Magistrate

---

[3] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).