UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-143-1 |
| | ) | (VARLAN/INMAN) |
| DONALD RAY REYNOLDS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This criminal case is before the Court on the Report and Recommendation of Magistrate Judge Inman recommending that the defendant's *pro se* Motion to be Released to Bail, Pursuant to Rule 9 of the Federal Rules of Appellate Procedure be denied [Doc. 306], the Report and Recommendation of Magistrate Judge Inman recommending that the defendant's *pro se* Request for Judicial Notice of Adjudicative Facts be denied [Doc. 307], the defendant's *pro se* appeal of Magistrate Judge Inman's order denying the defendant's *pro se* Rule 36 Motion to Correct Error in Clerk of Court Judgment Removing Document 119, Motion for Franks Hearing Nunc Pro Tunc [Doc. 314], and the defendant's *pro se* motion to recuse Magistrate Judge Inman [Doc. 315]. The defendant submitted objections to the reports and recommendations of the magistrate judge [Docs. 311, 312], and the government filed a response to the defendant's recusal motion [Doc. 316].

I.  **Report and Recommendation of Magistrate Judge Inman Recommending that the Defendant's *pro se* Motion to be Released to Bail, Pursuant to Rule 9 of the Federal Rules of Appellate Procedure be Denied [Doc. 306]**

The defendant filed a motion, seeking to be released pursuant to Rule 9 of the Federal Rules of Appellate Procedure [Doc. 301]. The magistrate judge determined that, pursuant to 18 U.S.C. § 3143(b)(2), the defendant is required to be detained and that "[t]his court has no authority to grant defendant the relief he requests, even if he was otherwise arguably entitled to it" [Doc. 306]. He therefore recommends denying the defendant's motion [*Id.*].

The defendant filed an objection to the report and recommendation [Doc. 311]. While the objection appears to be missing at least one page of text, the Court has reviewed the substance of the objection and does not find that any of the arguments set forth therein establishes grounds to reject the report and recommendation of the magistrate judge. Accordingly, and upon review of the report and recommendation, which the Court agrees with, the Court **OVERRULES** the defendant's objection [Doc. 311] and **ACCEPTS IN WHOLE** the report and recommendation [Doc. 306]. The defendant's *pro se* Motion to be Released to Bail, Pursuant to Rule 9 of the Federal Rules of Appellate Procedure [Doc. 301] is therefore **DENIED**.

II.  **Report and Recommendation of Magistrate Judge Inman Recommending that the Defendant's *pro se* Request for Judicial Notice of Adjudicative Facts be Denied [Doc. 307]**

The defendant filed a motion, requesting that the Court take judicial notice of certain facts:

2

> On November 19, 2007, and December 10, 2007, law enforcement personnel directed the removal of trash from a garbage receptacle left on the curb at 10623 Alameda Drive, Knoxville, Tennessee. Allegedly during the inspection of the trash [sic]. Upon inspection of the garbage, officers claim to have recovered what they claim was packaging used for kilogram quantities of cocaine.
>
> On June 18, 2008, Special Agent Brian Grove of the IRS presented application and affidavit for warrants to search the business and residence of Donald Ray Reynolds, Jr., located at 1001 Crooked Springs Road, Knoxville, Tennessee and 10623 Alameda Drive Knoxville, Tennessee, before the magistrate judge C. Clifford Shirley, Jr.
>
> Interestingly enough, there was no allegation of criminal activity occasioning the places to be search [sic] and seizure was based on the requisite probable cause determination that a crime was committed at the places to be search, [sic] and with the Things to be seized.

[Doc. 300]. Noting that a court may take judicial notice of facts only if they are not subject to reasonable dispute and if they are generally known within the trial court's jurisdiction or can be readily determined from sources whose accuracy cannot reasonably be questioned, Magistrate Judge Inman determined that the facts the defendant requested the Court take notice of, "whether reasonably disputable or otherwise, are either already in the record in this case in the form of testimony or a writing (e.g., as part of an affidavit filed in support of an application for a search warrant), or they are not in the record at all" [Doc. 307]. To the extent they are in the record, he determined that the facts "may or may not be subject to reasonable dispute" [*Id*.]. Nevertheless, he noted, the defendant did not "point out to the court *where* in the record these facts appear so that the court can ascertain if there could be any dispute attendant to those claimed facts" [*Id*. (emphasis in

3

original)]. And to the extent they are not in the record, he stated, "they are subject to dispute by definition" [*Id*.]. Accordingly, Magistrate Judge Inman recommends that the defendant's motion be denied [*Id*.].

The defendant filed an objection [Doc. 312]. The defendant's objection challenges the impartiality of Magistrate Judge Inman, which is the subject of another pending motion, *see supra* Section IV, but otherwise sets forth no valid argument for rejecting the report and recommendation [*See id*.]. Accordingly, and upon review of the report and recommendation, which the Court agrees with, the Court **OVERRULES** the defendant's objection [Doc. 312] and **ACCEPTS IN WHOLE** the report and recommendation [Doc. 307]. The defendant's *pro se* Request for Judicial Notice of Adjudicative Facts [Doc. 300] is therefore **DENIED**.

**III.    The Defendant's *Pro Se* Appeal of Magistrate Judge Inman's Order Denying the Defendant's *Pro Se* Rule 36 Motion to Correct Error in Clerk of Court Judgment Removing Document 119, Motion for Franks Hearing Nunc Pro Tunc [Doc. 314]**

The defendant filed a motion asking the Court to remove document 119 from the record in this case pursuant to Rule 36 of the Federal Rules of Criminal Procedure, asserting a "clerical error" [Doc. 308]. Document 119 is a "Deficiency Letter" signed by Deputy Clerk J. Norwood to the defendant regarding an affidavit he had undertaken to file, which notes that the defendant failed to sign the affidavit and that the affidavit was being returned to the defendant for his signature [Doc. 119]. It appears that the affidavit

4

was never returned to the Court with the defendant's signature; however, it was attached, unsigned, to the defendant's motion [Doc. 308-1].

In denying the defendant's motion, Magistrate Judge Inman determined that the clerk was correct in returning the unsigned affidavit to the defendant [Doc. 310]. He also noted that the defendant never signed and returned the affidavit for filing, even after he obtained court-appointed counsel [*Id*.]. Thus, he found there was no error with respect to document 119 and that Rule 36, which concerns clerical errors in judgments or parts of the record, did not require removal of the document [*Id*.].

The defendant filed an appeal [Doc. 314]. The defendant's appeal essentially challenges the impartiality of Magistrate Judge Inman and his ability to properly perform his job as a magistrate judge [*Id*.]. The appeal otherwise sets forth no reason to overturn the magistrate judge's order, and upon review of the record, the Court finds Magistrate Judge Inman's ruling correct. Accordingly, the Court **AFFIRMS** the decision of the magistrate judge [Doc. 310].

IV. **The Defendant's *Pro Se* Motion to Recuse Magistrate Judge Inman [Doc. 315]**

The defendant moves the Court for the recusal of Magistrate Judge Inman, arguing that he "failed to uphold the integrity and independence of the judiciary; . . . fail[ed] to avoid impropriety and the appearance of impropriety in his activities as a magistrate judge; . . . and . . . fail[ed] to perform the duties of judicial office impartiality [sic] and diligently[,] all in violation of the Model Code of Judicial Conduct, Cannons 1, 2, and 3" [Doc. 315]. The government filed a response, asserting that this Court lacks jurisdiction

to entertain the defendant's motion because the case is pending on appeal before the Sixth Circuit [Doc. 316].

This case is pending on appeal to the United States Court of Appeals for the Sixth Circuit [*See* Doc. 223]. The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals, and it divests this Court of authority to proceed further with respect to such matters, except for matters in aid of the appeal, where the appeal is untimely, where the appeal presents issues that the appellate court had previously decided in the same case, or where the appeal is from a non-final, non-appealable order, until the district court receives the mandate of the Court of Appeals. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). As the defendant's motion for recusal does not fall within these categories, the Court finds that it lacks jurisdiction to rule on the motion. The motion [Doc. 315] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE