UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-143-1 |
| | ) | (VARLAN/INMAN) |
| DONALD RAY REYNOLDS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This criminal case is before the Court on the defendant's pro se Motion for Reconsideration of Rule 41(g) Motion for Return of Property Doc 331; Doc 334; With Support of Judicial Notice Under the Fed. Civ. R. Evi 201(b) Doc 339; or in Alternative Recusal of Judge (Doc 337) [Doc. 350]. The Federal Rules of Criminal Procedure make no provision for a motion to reconsider, and courts adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *See, e.g.*, *United States v. Titterington*, No. CR. 2-20165, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003). Such motions may be made for one of three reasons: (1) an intervening change of controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Fed. R. Civ. P. 59(e); *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997). Upon review of the defendant's motion, the Court finds that the defendant has not persuaded the Court

that any of these circumstances exist. Accordingly, the motion to reconsider [Doc. 350] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE