UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:08-CR-143-TAV-MCLC-1 |
| DONALD RAY REYNOLDS, JR., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's *pro se* Motion to Alter or Amend Order/Judgment to Correct Substantive Errors in Order [Doc. 449]. In this motion, the defendant moves the Court to amend or reconsider its February 26, 2018, order denying a number of pending motions filed by the defendant, including one to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Docs. 443–44]. For the reasons explained below, the Court will deny the defendant's motion.

The Federal Rules of Criminal Procedure make no provision for a motion to reconsider, and courts adjudicating such motions in criminal cases typically evaluate the motion under the same standards that govern a civil motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *See United States v. Titterington*, No. CR.2-20165, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003). Such relief is ordinarily proper when one of three conditions is present: (1) an intervening change of controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Helton v. ACS Grp.*, 964 F. Supp.

1175, 1182 (E.D. Tenn. 1997). Likewise, to the extent the defendant seeks reconsideration of the dismissal of his civil § 2255 action, Federal Rule of Civil Procedure 60(b) permits the Court to grant relief from a final judgment on grounds of, among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2).

The primary argument advanced in the defendant's motion and the accompanying memorandum in support [Doc. 450] appears to be that the Court no longer possesses subject-matter jurisdiction over this case, and thus lacked authority to issue its February 26 order. The defendant essentially repeats the position he took in his earlier motion for leave to amend his § 2255 motion [Doc. 438]. In that motion, the defendant asserted that he had uncovered "newly discovered evidence" that demonstrated both his actual innocence and the Court's lack of subject-matter jurisdiction [*Id.* at 2–3]. The defendant had previously filed this "newly discovered evidence" as Docket Entries 418 and 422—a "Notice of Cross-Claim and Affidavit of Default" and a "Second Notarial Protect Notice of Dishonor: Evidence of Non-Performance in the Form of an Affidavit," respectively. Attached to these filings were numerous Uniform Commercial Code documents, tax records, and Tennessee Secretary of State Division of Business Services documents, all of unclear relevance to this criminal action. In the instant motion, the defendant explains that these documents—which the defendant appears to have created—evidence a contractual relationship between himself and the federal government that the government has now violated (presumably by prosecuting him for the underlying drug and money laundering crimes). The defendant

2

further asserts that the Court is required to give full faith and credit to these documents and that, because these documents have negated any adversarial case or controversy, the Court no longer holds Article III jurisdiction in this matter.

This argument lacks merit. Indeed, in its February 26 order, the Court denied the defendant's motion to amend his § 2255 motion [Doc. 438] as meritless, noting the Court "clearly has subject matter jurisdiction over [the defendant's] case as he was charged with a crime against the United States" [Doc. 443 pp. 46–47]; *see also* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the law of the United States."). The defendant has provided no persuasive reason to reconsider that fairly obvious conclusion, having merely reiterated his repeated assertion throughout these proceedings that he has unilaterally terminated this case.

Furthermore, Docket Entries 418 and 422 do not divest this Court of subject-matter jurisdiction because they are nothing more than (largely incomprehensible) filings created by the defendant in an attempt to recast this criminal prosecution as a contract dispute between himself and the government. The Sixth Circuit has repeatedly rejected similar arguments by other sovereign citizens and tax protestors that the federal courts lack jurisdiction over them as "completely without merit and patently frivolous." *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994). The defendant also has offered no explanation whatsoever as to why these documents are "newly discovered" within the meaning of Rules 59(e) and 60(b)—i.e., why he lacked reasonable access to these documents when he filed the motions disposed of in the Court's February 26 order.

3

Accordingly, the defendant's *pro se* Motion to Alter or Amend Order/Judgment to Correct Substantive Errors in Order [Doc. 449] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE